## Continental Guaranty Corporation v. Raffensperger et al.

*Replevin—Practice—Parties—Intervention by party in possession.*
The fact that the party who is actually in possession of property for the recovery of which an action of replevin has been brought was not an original defendant in the writ, does not invalidate the proceeding if the party in possession has been allowed to intervene.

*Personal property—Lease—Rights of lessee—Lien for repairs—Consent of owner.*
The lessee of an automobile cannot impose a lien upon it for repairs without the consent of the owner. Where the lessee has covenanted to keep the leased property free and clear of liens, a repairman who undertakes work at the instance and request of the lessee without the consent of the owner, cannot assert any lien on the property as against the owner.

Replevin. Motion for judgment for want of a sufficient affidavit of defence. C. P. Dauphin Co., Sept. T., 1920, No. 727.

*George L. Reed,* for plaintiff.

*W. Justin Carter,* for J. L. Riggio, intervening defendant.

No appearance for the original defendant.

HARGEST, P. J., Sept. 13, 1921.—This is an action of replevin against A. T. Raffensperger & Son, the original defendants, in which action J. L. Riggio was allowed to intervene as a defendant.

The Overland Harrisburg Company, on Dec. 11, 1919, leased to A. T. Raffensperger & Son one Mack truck, and on the same day assigned and transferred its title in said lease to the plaintiff. The defendant took possession of the truck, and subsequently defaulted in the payments to be made according to said lease. During the month of May, 1920, the original defendants delivered the truck to J. L. Riggio, the intervening defendant, for repairs, and Riggio, who was conducting a general repair shop under the name of the

"Sunshine Garage," had the custody of the truck at the time the writ of replevin was issued. An affidavit of defence was filed by J. L. Riggio, and the question now before us is the sufficiency of this affidavit.

The affidavit of defence does not deny that there was a default in the payment of rentals under the lease, nor that James L. Riggio was conducting business under the name of the "Sunshine Garage." It sets up that the truck was broken, damaged and demolished, and was unfit for use, and, while in that condition, the defendant, Raffensperger, employed the defendant, Riggio, to repair the same, and that, at the request of Raffensperger, the repairs, amounting to $771.71, were made to the truck, of which $170.95 were paid, leaving a balance due Riggio of $606.76; that Riggio held the truck in his possession to secure the balance due, and was so holding it when the action in replevin was started. It also avers that the plaintiff has failed and neglected to make Riggio an original defendant, and for that reason the whole proceeding in replevin is void. Riggio claims that he has a lien for the work and labor done upon the truck, and that the plaintiff cannot prevail in this action until the said lien has been discharged.

The questions raised, therefore, are:

1. Whether the fact that Riggio was not made an original defendant invalidates the proceeding.

2. Whether a lessee can, by agreement with a repairman, impose a lien upon leased personal property without the consent of the owner.

3. Has Riggio violated the Act of June 28, 1917, P. L. 645, in that he has conducted business under an assumed or fictitious name without filing a certificate required by that act, and, if so, is he precluded from interposing a defence in this action?

1. Riggio was allowed to intervene as defendant prior to the filing of the plaintiff's statement of claim, which was duly served upon him and to which he has filed an affidavit of defence. His rights have been as fully protected as if he had been made an original party defendant. We know of no act of assembly, and our attention has been called to none, which would invalidate the proceeding for the failure to make him an original defendant, as alleged in the affidavit of defence.

2. Can the lessee of an automobile impose a lien upon it for repairs without the consent of the owner? There is no doubt that where an owner secures repairs upon a chattel the repairman has a lien at common law, and has the right to retain the chattel until his charges are paid: 2 Kent, 635; McSorley *v.* Thompson Co., 67 Pitts. L. J. 664. But this right has not been extended so as to allow a lessee, without the knowledge and consent of the owner, to impose a lien for repairs upon a chattel, which lien the owner would be required to discharge before securing possession. In the case of Stern *v.* Sica, 66 Pa. Superior Ct. 84, the facts are very similar to those in the case before us, and all of the questions raised in this case were considered. It was there held that "where a lease of an automobile for a certain term at a weekly rental provides that the automobile shall be returned at the termination of the lease 'in as good condition' as when delivered, but gives the lessee no right to impose a lien upon it for repairs, and after a period the lessee defaults in the payment of rental, a repairman who has possession of the automobile when the default occurs cannot claim a lien upon it for repairs ordered by the lessee, or withhold it from the possession of the lessor until his charges are paid." The lease in the case at bar provides: "Any equipment, attachments, accessories or repairs placed upon said vehicle shall become a component part thereof, but the lessor shall not be obligated to pay for same unless lessor stipulates so to

1 D. & C.

Continental Guaranty Corporation *v.* Raffensperger et al.

do in writing.   Lessee shall keep said vehicle free and clear of all liens of any nature whatsoever, including State, Federal and local taxes. . . . Lessee agrees to surrender said vehicle to lessor at the expiration of this lease in as good condition as when he received it, natural wear excepted."

We can find no distinction between the case at bar and the case of Stern *v.* Sica, 66 Pa. Superior Ct. 84.

It, therefore, follows that J. L. Riggio, the intervening defendant, does not have a lien upon the motor-truck for repairs made at the instance of A. T. Raffensperger & Son, the lessee, without the knowledge and consent of the owner, which he can assert against the owner, and that the affidavit of defence attempting to assert such lien is insufficient to prevent judgment or the delivery of the truck to the plaintiff.

3. In view of the conclusion that the intervening defendant has no lien which he can assert against the owner, it is unnecessary now to decide whether J. L. Riggio is precluded from interposing a defence because he was conducting business under the name of the Sunshine Garage without having registered that name in the office of the Secretary of the Commonwealth, as required by the Act of June 28, 1917, P. L. 645, as amended by Act No. 227, approved May 10, 1921.

For the reasons above stated, the affidavit of defence filed by J. L. Riggio, intervening defendant, is hereby adjudged insufficient, and judgment is directed to be entered in favor of the plaintiff and against A. T. Raffensperger & Son, defendants, and J. L. Riggio, intervening defendant.

From William Jenkins Wilcox, Harrisburg, Pa.